United States District Court
Southern District of Texas

**ENTERED**

February 16, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA  BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-455 |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant Aetna Life Insurance Company's ("Aetna's") Motion for

Partial Judgment on the Pleadings. (Document No. 17). Plaintiff Laura Brown has not filed a

Response.[1] Having considered this filing, the facts, and the applicable law, the Court concludes

that Defendant's Motion (Document No. 17) should be granted.

**Background**

According to Plaintiff's Amended Complaint, she had a health insurance policy with

Defendant Aetna. (Document No. 15 at 2). In 2014, Plaintiff received medical care for which she

incurred out of pocket costs of approximately $107,600. *Id*. Plaintiff states that she made a claim

for reimbursement of these charges, but that Defendant has refused to pay the claim. *Id*.

Therefore Plaintiff asserts state law claims for breach of contract, breach of the duty of good

faith and fair dealing, violations of Sections 541.060 and 541.061 of the Texas Insurance Code,

violations of the Texas Deceptive Trade Practices Act, violations of Section 542.060 of the

Texas Insurance Code, and fraud. *Id*. at 2-5. Plaintiff has also asserted claims under ERISA. *Id*.

at 5-6. Defendant argues that all of Plaintiff's state law claims are preempted by ERISA, and

---

[1] Originally, Defendant filed a Motion for Judgment (Document No. 5), and Plaintiff responded (Document No. 13). However, Plaintiff has not responded to this new Motion for Partial Judgment, which was filed in response to Plaintiff's amended complaint.

asks for partial judgment on those claims under Rule 12(c). (Document No. 17 at 3).

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). A Rule 12(c) motion is intended to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts. *Id.* at 313. The Court must decide whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). The pleadings should be construed liberally, and judgment on the pleadings should be granted only if there are no disputed issues of fact and only questions of law. *Hughes,* 278 F.3d at 420. All well-pleaded facts should be viewed in a light most favorable to the plaintiff. *Id.*

**Discussion**

Plaintiff merely states in her Amended Complaint that she had a health insurance policy with Aetna, but offers no details on this policy. (Document No. 15 at 2). However, Defendant attaches the plan's booklet certificate, the plan's schedule of benefits, and group policy. (Document No. 17, Exhibits A-C).[2] In order to determine whether a health insurance plan qualifies as an ERISA plan the Court must ask whether the plan: "(1) exists; (2) falls within the

---

[2] The documents attached by Defendant can be "considered part of the pleadings," because they are "referred to in the plaintiff's complaint" and are "central to her claim." *Burgos v. Grp. & Pension Administrators, Inc.*, 286 F. Supp. 2d 812, 815 (S.D. Tex. 2003).

safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). The Court agrees with Aetna that all three of these prongs have been met.

First, the exhibits attached by Aetna show that the plan exists. Second, the plan falls within the safe-harbor provision established by the Department of Labor because an employer (Southern Bancshares, Inc.) contributes to the plan by paying the premiums. (Exhibit C at 9020.1). *See Meredith*, 980 F.2d at 355. Third, the plan was established and is maintained by the employer, for the benefit of its employees. (Exhibit A at 1, 5). The exhibits also clearly state that Aetna is a fiduciary under ERISA and that the plan is an ERISA Plan. (Exhibit B at 1; Exhibit C at 9060.1).[3] Therefore the plan is an ERISA plan.

Section 514 of ERISA provides for preemption of state law: "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)[4] of this title." 29 U.S.C. § 1144(a). "A [state] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983) (citations omitted). Where, as here, the facts underlying Plaintiff's state law claims "bear some relationship to an employee benefit plan, we evaluate the nexus between ERISA and state law in the framework of ERISA's statutory objectives." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004) (citations omitted). "Relevant statutory objectives include establishing uniform national

---

[3] Plaintiff has not disputed any of these facts, nor has she argued at any point that the plan is not covered by ERISA.
[4] Section 1003(a) refers to benefit plans that are established or maintained "(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." 29 U.S.C. § 1003(a).

safeguards 'with respect to the establishment, operation, and administration of [employee benefit] plans,' and 'establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans.'" *Id*. Therefore, "ERISA preempts a state law claim if a two-prong test is satisfied: (1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id*. All of Plaintiff's state law claims are based upon her allegation that Aetna improperly denied her benefits under the plan; this allegation clearly relates to her right to receive benefits under the ERISA plan, and would affect the relationship between traditional ERISA entities. Therefore Plaintiff's state law claims are preempted by ERISA, and judgment for Aetna is appropriate. *See, e.g.*, *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000); *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992); *Ramirez v. Inter-Cont'l Hotels*, 890 F.2d 760, 763 (5th Cir. 1989).

**Conclusion**

For the foregoing reasons, the Court hereby

ORDERS that Defendant's Partial Motion (Document No. 17) is GRANTED. All state law causes of action alleged by Plaintiff in her Amended Complaint (Document No. 15) are hereby DISMISSED.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE